# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERRANCES WASHINGTON, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>CAPITAL ACCOUNTS, LLC,<br><br>Defendant(s). | Civil Case No.:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, TERRANCES WASHINGTON, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, CAPITAL ACCOUNTS, LLC ("CAPITAL ACCOUNTS"), and John Does 1-25 their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of New York, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. CAPITAL ACCOUNTS, LLC maintains a location at 4107 Mallory Lane, Suite 302, Franklin, Tennessee 37067.

8. Upon information and belief, CAPITAL ACCOUNTS uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. CAPITAL ACCOUNTS is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New York

consumers and their successors in interest (the "Class"), who were subject to collection attempts which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New York consumers who were sent letters and/or notices from CAPITAL ACCOUNTS, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form of conduct;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without

remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to October 5, 2021, Plaintiff allegedly incurred a financial obligation to SALVATORE LENZO, MD ("LENZO, MD").

16. The LENZO, MD obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The LENZO, MD obligation did not arise out of a business transaction.

18. The LENZO, MD obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. LENZO, MD is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. Sometime prior to October 5, 2021, LENZO, MD, either directly or through intermediate transactions assigned, placed, or transferred the LENZO, MD obligation to CAPITAL ACCOUNTS for the purpose of collection.

21. At the time LENZO, MD placed, or transferred the LENZO, MD obligation to CAPITAL ACCOUNTS, the obligation was past due.

22. At the time LENZO, MD placed, or transferred the LENZO, MD obligation to CAPITAL ACCOUNTS, the obligation was in default.

23. CAPITAL ACCOUNTS caused to be delivered to Plaintiff a letter dated October 5, 2021, concerning the alleged LENZO, MD obligation. A copy of said letter is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

24. The October 5, 2021 letter was sent to Plaintiff in connection with the collection of the LENZO, MD obligation.

25. The October 5, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

26. Upon receipt, Plaintiff read the October 5, 2021 letter.

27. The October 5, 2021 letter stated in part:

### Satisfy-in-Full Offer

Dear Terrances Washington:

We are pleased to offer the above listed satisfy-in-full on behalf of our client, SALVATORE LENZO MD. This offer is good for 10 days from the date of this letter. We are not obligated to renew this offer.

By clearing up this delinquent obligation, we will request that the 3 national credit bureaus update the tradeline associated with your account to reflect this payment activity.

28. Plaintiff understood Defendant's October 5, 2021 letter to mean that if he accepted Defendant's offer to make payment, he would satisfy in full the LENZO MD obligation.

29. Further, Plaintiff understood Defendant's October 5, 2021 letter to mean that if he accepted Defendant's offer to make payment, the tradeline associated with the LENZO MD obligation would be updated to indicate the LENZO MD obligation was satisfied in full.

30. In fact, if Plaintiff accepted Defendant's offer to make payment, CAPITAL ACCOUNTS actually intended to update the the tradeline associated with the LENZO MD obligation to reflect that Plaintiff has settled for less than the full balance.

31. The October 5, 2021 letter provided the following information regarding the balance claimed due on the LENZO MD obligation:

   Balance:   $746.67 – Satisfy for $597.33

32. At all times relevant herein, CAPITAL ACCOUNTS reported to the 3 national credit bureaus that the balance owed on the LENZO MD obligation was $766.00.

33. Defendant received a letter from Plaintiff dated December 29, 2021, which in part disputed the LENZO MD obligation. See Exhibit B.

34. Despite receiving Plaintiff's December 29, 2021 letter, Defendant has continued to report to the 3 national credit bureaus that that the balance owed on the LENZO MD obligation was $766.00.

35. After the date of the dispute, Defendant knew or should have known that the credit information concerning the LENZO MD obligation would be communicated to creditors and other persons.

36. The credit information communicated to these creditors and other persons concerning the LENZO MD obligation was false.

37. Since October 5, 2021, Defendant has communicated to at least one person, credit information which is known or should be known to be false.

38. CAPITAL ACCOUNTS knew or should have known that its actions violated the FDCPA.

39. CAPITAL ACCOUNTS could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

40. It is Defendants' policy and practice to violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) Making a false representation of the character or amount of the debt; and

    (c) Communicating credit information which is known to be false or should be known to be false.

41. On information and belief, there are at least 40 natural persons in the state of New York with one year of this Complaint who were subject to the conduct complained of herein.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

42. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

43. Collection letters and/or notices, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

44. As described herein, Defendant violated 15 U.S.C. §1692e.

45. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

46. As described herein, Defendant violated 15 U.S.C. §1692e(2)(A).

47. By communicating credit information which is known to be false or should be known to be false, Defendant made a false representation of the character, amount or legal status of the debt.

48. As described herein, Defendant violated 15 U.S.C. §1692e(5).

49. As described herein, Defendant violated 15 U.S.C. §1692e(8).

50. As described herein, Defendant violated 15 U.S.C. §1692e(10).

51. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

52. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

53. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

54. Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

55. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

56. Plaintiff has suffered damages and other harm as a direct result of the Defendant's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

      (b)      Awarding Plaintiff and the Class statutory damages;

      (c)      Awarding Plaintiff and the Class actual damages;

      (d)      Awarding pre-judgment interest;

      (e)      Awarding post-judgment interest;

      (f)      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

      (g)      Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: March 8, 2022

      *s/ Joseph K. Jones*
      Joseph K. Jones, Esq.
      JONES, WOLF & KAPASI, LLC
      One Grand Central Plaza
      60 East 42nd. Street, 46th Floor
      New York, NY 10165
      (646) 459-7971 telephone
      (646) 459-7973  facsimile
      jkj@legaljones.com

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

      *s/ Joseph K. Jones*
      Joseph K. Jones, Esq.

# Exhibit A


# Exhibit B

**Terrances Washington**

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

_____

12/29/2021

ATTENTION:   CAPITAL ACCOUNTS

RE:        Terrances Washington
           Soc. Sec. No.: ▇▇▇▇▇▇

- CAPITAL ACCOUNTS - - 275475X

Dear CAPITAL ACCOUNTS:

I recently checked my credit report and found the above-mentioned account included in my credit history. I dispute this debt. At your earliest convenience, please let me know what the above-mentioned account is regarding. Again, with no further information, I do not believe that I ever owed any money and that your reporting otherwise is wrong.

All of my contact information is below. I am also writing to request that you do not call me. All communications should be mailed to my address provided.

Again, this is regarding

- CAPITAL ACCOUNTS - - 275475X

Thanks,

Terrances Washington

SSN: ▇▇▇▇▇▇
DOB: ▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇